**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

FREDRIC ALAN MAXWELL,                         CV 10-115-M-DWM-JCL

          Plaintiff,

     vs.                                      FINDINGS AND
                                              RECOMMENDATIONS OF
LORI DAVIDSON, Director,                      UNITED STATES
Missoula Housing Authority;                   MAGISTRATE JUDGE
MEGAN A. BUGONI, VA Liason;
and ERIC K. SHINSEKI, VA Secretary,

          Defendants.

_____

     This matter is before the Court on Defendant Lori Davidson's motion to

dismiss Plaintiff Fredric Maxwell's Complaint for lack of jurisdiction under Fed.

R. Civ. P. 12(b)(1), and for failure to state a claim for relief under Fed. R. Civ. P.

12(b)(6).  Alternatively, Davidson moves for a more definite statement under Fed.

R. Civ. P. 12(e).  For the reasons discussed, Davidson's motion to dismiss for lack

of jurisdiction should be granted.

**I.  BACKGROUND**

     Maxwell is proceeding *pro se* in this action.  By Order entered October 8,

2010, the Court granted Maxwell leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915(a).

Maxwell brings this action challenging Defendants' conduct in allegedly withdrawing an offer to provide housing to Maxwell at the Valor House in Missoula, Montana.  Maxwell is a homeless veteran, and the Valor House is a facility which provides housing for homeless veterans.

Maxwell explains that Defendants withdrew the housing offer based on something Maxwell said.  Maxwell states he "contacted [the] Mayor's office to help speed-up the move-in" process.  During that contact Maxwell made an "off-handed statement" which Defendants Lori Davidson and Megan Bugoni apparently construed as a threat, prompting them to withdraw the offer of housing on October 5, 2010.

Maxwell alleges Defendants violated various rights protected under the United States Constitution.  Maxwell alleges Defendants violated his rights under the First Amendment to the United States Constitution apparently because their withdrawal of veteran housing was "based on hearsay and protected speech." Maxwell also believes Defendants denied him admission to the Valor House because they "became aware that the plaintiff thinks some of the [occupancy] rules at the Valor House are blatantly unconstitutional, violating the 1st, 5th, 13th and 14th Amendments."

Based on the foregoing, Maxwell brings this action to compel Defendants to provide him housing at the Valor House to which he asserts he is entitled as a veteran.

## II.  MOTION TO DISMISS - RULE 12(b)(1)

A defendant can challenge the existence of a court's jurisdiction over an action through a motion filed pursuant to Fed. R. Civ. P. 12(b)(1).  The plaintiff bears the burden of proving jurisdiction in response to a challenge under Rule 12(b)(1).  *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A defendant may pursue a Rule 12(b)(1) motion to dismiss either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations.  *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In addressing a facial challenge to jurisdiction the court need only consider the allegations in the complaint without regard to any potential factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Therefore, the court must

assume the allegations in the complaint are true and it "must draw all reasonable inferences in [plaintiff's] favor." *Id*. *See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

## III.  DISCUSSION

Because Maxwell is proceeding *pro se* the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Nonetheless,  *pro se* litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Davidson moves to dismiss for lack of jurisdiction.[1]  She argues that Maxwell's allegations, taken as true, establish that this Court lacks jurisdiction over Maxwell's claims because, in substance, he seeks only to obtain housing as a benefit to which he alleges he is entitled as a homeless veteran.  Accordingly, the Court construes Davidson's Rule 12(b)(1) motion as a facial challenge to the

---

[1]Federal courts are courts of limited jurisdiction, and generally it is presumed a cause of action lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  Absent jurisdiction, a case is subject to dismissal.  Fed. R. Civ. P. 12(h)(3).

jurisdictional allegations of Maxwell's Complaint.  For the reasons stated, the

Court agrees it lacks jurisdiction over Maxwell's Complaint.

The United States Congress has made various benefits available to United

States war veterans.  Specifically, Chapter 20 of Title 38 of the United States Code

— entitled "Benefits for Homeless Veterans" — provides "for the special needs of

homeless veterans."  38 U.S.C. § 2001.  Those veterans' benefits include grants

and per diem funding to provide housing for homeless veterans.  38 U.S.C. §§

2011 and 2012.  The United States Department of Veterans Affairs administers the

homeless veterans' benefits, and provides housing support services as a benefit to

veterans.  *See* http://www.va.gov/homeless/housing.asp (accessed January 26,

2011).

The Valor House was opened in Missoula in 2005 in collaboration with the

Veterans Administration.  *See* http://www.thepoverellocenter.org/

programs/index.html (accessed October 15, 2010).  The facility serves the needs of

homeless veterans.  *Id*.

Administrative decisions affecting veterans' benefits are subject to a very

specific process of administrative review, and judicial and appellate review.  In

general, to obtain veterans' benefits a veteran must begin the application process

by filing a claim with a regional office, or "agency of original jurisdiction" within

the Department of Veterans Affairs.  A veteran who is dissatisfied with the resolution of his or her claim for benefits can appeal the decision of the agency of original jurisdiction to the Board of Veterans' Appeals.  38 U.S.C. §§ 7104(a) and 7105.

Following review by the Board of Veterans' Appeals a claimant can then appeal any adverse decision to the United States Court of Appeals for Veterans Claims.  38 U.S.C. §§ 7252 and 7261.  The Court of Appeals "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals[,]" and it has authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate."  38 U.S.C. § 7252(a).

The Court of Appeals' decision is, in turn, subject to appellate review as provided under 38 U.S.C. § 7292.  38 U.S.C. § 7252(c).  Section 7292 grants to the United States Court of Appeals for the Federal Circuit the "exclusive jurisdiction" to review decisions of the Court of Appeals.  38 U.S.C. § 7292(c).  The Federal Circuit is vested with the "power to affirm or, [...] to modify or reverse the decision of the Court of Appeals for Veterans Claims or to remand the matter, as appropriate."  38 U.S.C. §7292(e)(1).

Finally, a veteran can seek review of the final judgment of the Federal Circuit by filing a writ of certiorari with the United States Supreme Court as provided in 28 U.S.C. § 1254.  38 U.S.C. § 7292(c).

As reflected in the provisions of the forgoing statutes, judicial review of the decisions of Defendant Eric K. Shinseki, the Secretary of the Department of Veterans Affairs, is strictly limited to the appeal procedures outlined above.  The Secretary's decisions "shall be final and conclusive and may not be reviewed by any other official or by any court" except as provided in Title 38 of the United States Code.  38 U.S.C. § 511(a).  Section 511 "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits[.]"  *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000).  *See also Tietjen v. United States Veterans Administration*, 884 F.2d 514, 515 (9th Cir. 1989) (construing predecessor to § 511(a) codified at 38 U.S.C. § 211(a)); and *Swisher v. Collins*, 2008 WL 687305 *12 (D. Idaho 2008).

Specifically, a homeless veteran's demand for housing benefits constitutes a claim for veterans' benefits.  *Coia v. Veterans Administration*, 570 F. Supp. 2d 12, 13 (D.C. 2008).  A veteran's claim for housing is an issue for determination that is, by law, "committed exclusively to the Secretary of the Veterans Administration

and is not subject to judicial review by any district court.  *See* 38 U.S.C. § 511."

*Coia*, 570 F. Supp. 2d at 13.

Furthermore, other legal claims advanced by a plaintiff which relate to, or stem from the denial of veterans' benefits are also barred from review in the district courts.  The federal courts have "consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction."  *Price*, 228 F.3d at 422 (citing, *inter alia*, *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) and *Rosen v. Walters*, 719 F.2d 1422, 1425 (9th Cir. 1983)).  *See also Swisher*, 2008 WL 687305 *12.  Thus, where the "substance" of a plaintiff's action challenges a decision "concerning a benefit provided by a law administered by the Veterans Administration," the court lacks jurisdiction over the action.  *Tietjen*, 884 F.2d at 515.  A veteran's claim asserting that a defendant engaged in unconstitutional conduct which resulted in the deprivation of the veteran's benefit is, in substance, a challenge to the decision regarding the veteran's benefit, and is barred from review.  *Hicks v. Veterans Administration*, 961 F.2d 1367, 1370 (8th Cir. 1992) (barring claim under the First Amendment for a retaliatory reduction to a veteran's benefits).

In sum, the "exclusive jurisdiction" for the review of decisions affecting veterans' benefits is described in the statutory appellate procedures outlined above, and the sole Article III court with jurisdiction to conduct appellate review of those decisions is the Federal Circuit.  Consequently, the other lower district courts lack subject matter jurisdiction over a plaintiff's claims relating to, or stemming from decisions of the Secretary of the Department of Veterans Affairs. *Price*, 228 F.3d at 422; *Tietjen*, 884 F.2d at 515; and  *Swisher*, 2008 WL 687305 *13.

Based on the forgoing, the Court concludes the substance of all of the claims advanced by Maxwell in this action seek to challenge the withdrawal of his acceptance into housing at the Valor House.  Maxwell's claims seek only to establish his entitlement to that veterans' benefit because he is a homeless veteran. Thus, all of his claims challenge Defendants' decision with respect to Maxwell's veterans' benefit and, therefore, this Court lacks jurisdiction over this action.

**IT IS HEREBY RECOMMENDED** that Defendant Lori Davidson's motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) should be **GRANTED**, and Maxwell's Complaint should be **DISMISSED.**

DATED this 27th day of January, 2011.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge