IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| FREDRIC ALAN MAXWELL, | CV 10-115-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LORI DAVIDSON, Director, Missoula Housing Authority; MEGAN A. BUGONI, VA Liason; and ERIC K. SHINSEKI, VA Secretary, | |
| Defendants. | |

_____

Plaintiff Fredric Maxwell moves to withdraw this lawsuit, and he requests that it be dismissed without prejudice. Defendant Lori Davidson filed a response to the motion agreeing that this case should be dismissed, but she asserts the dismissal should be with prejudice to Maxwell's ability to re-file his complaint at a later date. For the reasons discussed, the Court recommends Maxwell's motion be granted, and this action be dismissed without prejudice.

Maxwell has prosecuted this action pro se, and the Court has granted him leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The subject of Maxwell's complaint challenges Defendants' conduct in allegedly withdrawing an offer to provide housing to Maxwell at the Valor House in Missoula, Montana.

Maxwell is a homeless veteran, and the Valor House is a facility which provides housing for homeless veterans.

On November 15, 2010, Davidson moved to dismiss Maxwell's complaint for lack of jurisdiction.  On January 27, 2011, the undersigned United States Magistrate Judge issued Findings and Recommendations which addressed Davidson's motion, concluded that the Court lacks jurisdiction over Maxwell's complaint, and recommended that this action be dismissed.  The recommendation recognizes that in general a veteran's claim for certain benefits is subject to an exclusive process of administrative review through the Department of Veterans Affairs, and an exclusive process of judicial and appellate review through the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.  That specifically defined review process is final and conclusive, and it bars review of a veteran's claim for certain benefits in this District Court — this Court lacks jurisdiction over a veteran's claim that is subject to the exclusive review process.  Dkt. # 26 at 7.

Maxwell now concedes the referenced exclusive process for the review of his claim for veteran benefits may be available to him.  Thus, he desires to dismiss this action without prejudice, and to exhaust that administrative review process in

an effort to obtain the housing benefits to which he asserts he is entitled as a veteran.

The Court construes Maxwell's motion as one for voluntary dismissal under Fed. R. Civ. P. 41(a)(2).[1]  Rule 41(a)(2) provides as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. [...]  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The district court is vested with broad discretion in determining whether a plaintiff's request for dismissal under Rule 41 should be with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

Under the circumstances of this case, the Court concludes Maxwell's motion should be granted.  Based in part on Maxwell's pro se status, the precise nature of his claim for housing benefits asserted in his complaint is not clearly and expressly presented on the record before the Court.  Maxwell should be afforded an opportunity to exhaust any administrative and appellate remedies which may be applicable to the yet undefined specific type of veteran benefits he seeks without prejudice to his ability to subsequently present a viable claim to this Court over which it may ultimately have jurisdiction.

---

[1] Defendants Megan Bugoni and Erik Shinseki have filed an answer to Maxwell's complaint, thus rendering a dismissal without a court order under Fed. R. Civ. P. 41(a)(1) unavailable.

Based on the foregoing, **IT IS RECOMMENDED** that Maxwell's Motion to Withdraw/Dismiss This Case Without Prejudice should be **GRANTED** pursuant to Fed. R. Civ. P. 41(a)(2).  Davidson's Motion to Dismiss, and the Court's Findings and Recommendations entered January 27, 2011, should be deemed moot.

DATED this 25th day of February, 2011.

      /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge